# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRCIT OF OKLAHOMA

| | |
|---|---|
| (1) Isabella Sneed ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CIV-22-31-R |
| ) | Honorable |
| (1) Independent School District Number 16 ) | |
| of Payne County, State of Oklahoma, a/k/a ) | |
| Stillwater Public School District, a/k/a Stillwater) | |
| Independent School District Number 16, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff Isabella Sneed, for her claims for relief against Defendant Independent School District Number 16 of Payne County, State of Oklahoma, a/k/a Stillwater Public School District, a/k/a Stillwater Independent School District Number 16, states as follows:

## Parties, Jurisdiction, and Venue

1. Plaintiff was a student attending at Defendant Stillwater Public School District at all times during the complained of conduct until Fall 2021, when she was forced to withdraw from the District.

2. Defendant Independent School District Number 16 of Payne County, State of Oklahoma, a/k/a Stillwater Public School District, a/k/a Stillwater Independent School District Number 16, a political subdivision, is a public school district established under the laws of Oklahoma, located in Stillwater, Oklahoma, and is an educational institution as provided under Title IX.

3. At all times material herein, Defendant has acted by and through its agents, servants, and employees, who are acting within the scope of their agency, service, and employment.

4. At all times material herein, Defendant has acted with actual knowledge and deliberate indifference to the proclivities and acts of Alberto Morejon ("Morejon"), as set forth herein.

5. Jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 for all claims arising under federal law and under 28 U.S.C. § 1367 for all state law claims arising from the same case.

6. Venue is proper as Defendant is a resident of Payne County, Oklahoma, and within the Western District of Oklahoma.

7. As required by OKLA. STAT. tit. 51 § 151, the Oklahoma Governmental Tort Claims Act ("OGTCA"), Plaintiff submitted a Tort Claim Notice on April 16, 2021, which was received by Defendant on April 19, 2021. Ninety days passed with no action on the claim by Defendant as to acceptance or denial of the claim, which claim was deemed denied on July 18, 2021. The 180 day filing period expires on January 14, 2022, and this suit is commenced within that 180-day period. Further, Plaintiff reached the age of majority in August 2021.

8. Plaintiff has complied with all prerequisite tort claim requirements.

## Facts Common to All Causes of Action

9. During the 2017-2018 school year, Plaintiff was an eighth-grade student at Stillwater Junior High School.

10. Morejon was Plaintiff's history teacher during the 2017-2018 school year.

11. On or about January 2018, Morejon, using his capacity as a teacher and employee of Defendant, began grooming Plaintiff during school hours through private conversations, special treatment in front of other students, and public physical affection. Utilizing this advantage over Plaintiff, and acting under color of his position as an employee of Defendant, Morejon groomed Plaintiff for and then committed criminal sexual abuse against Plaintiff. Some of this abuse occurred on school premises and during school hours. By virtue of having obtained access to Plaintiff from his position, Morejon continued committing criminal sexual abuse against Plaintiff through May 2020.

12. During the spring of 2018, Morejon invited Plaintiff to sit behind his desk in history class. Morejon would touch her frequently in front of the other students and squeeze her thighs behind his desk. He also invited Plaintiff to eat lunch in his classroom. The two frequently ate lunch alone, sharing food and drinks with each other.

13. Morejon was possessive of Plaintiff. He would chase junior high boys away from her and discouraged Plaintiff from pursuing relationships with people her age.

14. On or about the last day of eighth grade, Morejon hugged Plaintiff in front of the class and place his hand on the small of her back right above her buttocks.

15. Over the summer of 2018, Morejon began sending explicit images to Plaintiff through private Instagram messages. Morejon would invite Plaintiff to sneak out of her house and meet him for sexual favors.

16. During the 2018-2019 school year, Plaintiff was a minor student attending Stillwater Junior High School.

17. During the 2018-2019 school year, Alberto Morejon continued increasing the inappropriate communications with Plaintiff. Morejon's inappropriate behavior with Plaintiff and other female students was noted by school employees and was complained of to school administration.

18. Continuing thereafter through May 2020, Alberto Morejon continued with sexually inappropriate contact with Plaintiff.

19. On or about May 12, 2020, a report was made to the Stillwater Police Department in reference to lewd and obscene communications from Morejon to Plaintiff, at the time a sixteen (16) year-old female student at Stillwater Junior High School.

20. Plaintiff stated to Stillwater Police that the unwanted, lewd, and obscene communications started in 2018 and had continued over two years through text messages and conversations on Instagram.

21. On or about May 15, 2020, Plaintiff attended a forensic interview at a child advocacy center with Stillwater Police. During the interview, Plaintiff disclosed that the communications from Morejon had progressively become more sexual since their commencement in 2018. During the interview, Police observed messages from Morejon to Plaintiff containing images of exposed male genitalia and "imprint" images, i.e. an erect penis concealed by tight fitting clothing. Police observed that Morejon sent Plaintiff numerous images of an exposed penis over the past two (2) years.

22. On or about the same date, Stillwater Police observed that Morejon had requested Plaintiff send to him unclothed images of herself via the telephone. Stillwater Police also observed

that Morejon had told Plaintiff they could meet at a residence accessible to him where they would not be found.

23. On or about May 19, 2020, Morejon told Plaintiff it would be fun if she were to perform a specific sexual act on him. Morejon gave instructions on how to perform oral sex. Morejon explained to Plaintiff what would happen if she did perform oral sex on him.

24. On May 19, 2020, Morejon was arrested. On July 9, 2021, he entered a guilty plea and was sentenced to 10 years in the custody of the Department of Corrections.

25. After learning of the arrest of Morejon and some of the abuse suffered by Plaintiff, Defendant engaged in a pattern of retaliation against Plaintiff, including decreasing her participation in school activities, reducing her grades, threatening to report her criminally, spreading lies and misinformation about Plaintiff, and failing to stop known harassment of Plaintiff by Defendant's agents and students.

26. During the relevant time period and prior to police involvement, Defendant was aware of Morejon's inappropriate behavior and relationships with young female students, including Plaintiff, but did not act to stop the conduct and protect the young female students, including Plaintiff.

27. Despite being on notice of Morejon's unlawful and harmful conduct, the Stillwater Public School District continued to employ Morejon and entrust students in his care.

28. Despite being on notice of Morejon's unlawful and harmful conduct, the Stillwater. Public School District continued to allow Morejon to have private, one-on-one meetings and communications with young female students, including Plaintiff, while on and inside Stillwater Public School District property.

29. Despite being on notice of Morejon's unlawful and harmful conduct, and despite having the ability to take corrective measures in response to such notice, the Stillwater Public School District failed to take corrective measures to protect its students, including Plaintiff, from Morejon's predatory and harassing sexual conduct. Further, at no time did Defendant take action to limit his interactions with minors, despite actual knowledge of Morjon's inappropriate conduct.

30. Defendant had knowledge of Morejon's actions with regard to Plaintiff, but deliberately did not stop those actions.

31. After Morejon's actions were reported to the police, Defendant retaliated against Plaintiff.

32. The Stillwater Public School District exhibited negligent, grossly negligent, and reckless disregard and deliberate indifference toward Morejon's acts of sexual predation and harassment of its students, including Plaintiff.

33. The abuse deprived Plaintiff of equal protection, substantive and procedural due process, her property right to an education, and her liberty interest to be free from sexual abuse at school, among other constitutional and federal rights.

34. By virtue of Defendant's actual knowledge and deliberate indifference to Plaintiff, and by virtue of Defendant's customs and practices and failure to adequately train on issues of child sexual abuse and its prevention, Plaintiff suffered harassment based upon her gender so severe, pervasive, and offensive that it deprived her of access to educational benefits or opportunities

35. The acts and omissions of Defendant have directly caused Plaintiff to suffer severe adverse consequences and damages, which will continue into the future.

36. There is no qualified immunity available to Defendant.

37. As a direct result of Defendant's conduct, Plaintiff has suffered, and will suffer in the future, mental anguish, emotional distress, trauma, humiliation, embarrassment, pain and suffering, lost earning capacity, medical bills, and injury, all in excess of $75,000.00. Plaintiff is entitled to actual, consequential, and punitive damages against Defendant.

## Claim for Relief under Title IX, 20 U.S.C. § 1681 et seq.
### (Discrimination, Hostile Educational Environment, and Retaliation)

38. Plaintiff incorporates all prior paragraphs by reference.

39. Defendant is a recipient of federal funds.

40. Defendant has a policy of deliberate indifference to provide adequate training or guidance to prevent and stop sexual harassment of Plaintiff.

41. Defendant retained Morejon in employment despite possessing knowledge of his inappropriate behaviors against female students, including Plaintiff.

42. Defendant displayed deliberate indifference to training Morejon and other Defendant employees in their duty to prevent and stop sexual harassment and to avoid retaliation against a student who reports harassment.

43. The policies of Defendant made Plaintiff more vulnerable to the sexual harassment and retaliation by Morejon and other Defendant employees.

44. Defendant employees with authority to protect Plaintiff had actual knowledge of these policies that were making Plaintiff more susceptible to harassment.

45. Defendant employees, including employees with the authority and means to take corrective action, had actual knowledge that Morejon posed a serious, specific threat to students, including Plaintiff.

46. The harassment of Plaintiff deprived her of educational opportunities, created a pervasive hostile education environment for Plaintiff, denied Plaintiff the opportunity to participate fully in Defendant's sports and other programs.

47. Defendant's conduct was in no way reasonably designed to help Plaintiff or stop the hostile educational environment.

48. As a direct and proximate result of Defendant's deliberate indifference, Plaintiff was subjected to repeated sexual abuse by Morejon and further suffered significant, severe, and ongoing emotional distress and mental anguish.

49. Defendant's conduct was wanton and in reckless disregard for the rights and safety of Plaintiff.

50. Defendant's failure to take any action to stop the severe and pervasive sexual harassment and sexual discrimination of Plaintiff, despite its authority to do so, was unreasonable.

51. Defendant, through the inaction of its policy-making administrators with the ability and authority to take action to stop the sexual harassment and sexual discrimination, had actual knowledge and was deliberately indifferent to sexual harassment that was so severe, pervasive, and objectively offensive that it deprived Plaintiff of access to the educational benefits and opportunities provided by Defendant.

52. The retaliatory acts of Defendant came immediately after the protected activity of Plaintiff's reporting of Morejon.

53. The retaliatory acts occurred as a result of Plaintiff's protected activity.

54. Plaintiff was damaged as referenced herein by the actions or inactions of Defendant.

**Claim for Relief: Violation of Equal Protection under 42 U.S.C. § 1983**

55. Plaintiff incorporates all prior paragraphs by reference.

56. The discriminatory conduct directed toward Plaintiff was representative of an official policy or custom of Defendant and/or was undertaken by an official or officials with final policymaking authority.

57. The repeated decisions not to investigate Morejon's misconduct and/or to report that misconduct as required by law and/or to not remedy that conduct constitutes an official policy of Defendant.

58. Morejon singled out Plaintiff for sexual harassment on the basis of her gender.

59. Morejon did not treat similarly situated male students in the same fashion as he treated Plaintiff.

60. Morejon engaged in the aforementioned behavior in front of other students and Dfendant's employees.

61. There was no rational basis for Morejon's acts of singling out Plaintiff for sexual harassment.

62. Morejon was acting under color of law, in his capacity as an employee of Defendant, while engaging in the sexual harassment of Plaintiff.

63. Defendant's conduct was wanton and in reckless disregard for the rights of Plaintiff.

64. Defendant's conduct exhibited deliberate indifference to Plaintiff's rights.

65. Plaintiff was damaged as referenced herein by the actions or inactions of Defendant.

### Claim for Relief: Negligence

66. Plaintiff incorporates all prior paragraphs by reference.

67. Defendant owed duties to Plaintiff, including but not limited to provide an appropriate and safe educational environment that is free of discrimination of harassment, and to provide Plaintiff with educational benefits and opportunities.

68. Defendant negligently breached its duties to Plaintiff.

69. Plaintiff was damaged as referenced herein by the actions and/or inactions of Defendant.

**WHEREFORE**, Plaintiff Isabella Sneed respectfully requests an award of her damages, punitive damages, interest, attorney fees, and costs incurred together with any other legal and equitable relief as is proper and just.

Respectfully submitted,

**MOORE-SHRIER LAW FIRM**

By: _/s/ Pansy Moore-Shrier_
Pansy Moore-Shrier, OBA No. 20289
624 South Boston Avenue, Suite 1070
Tulsa, Oklahoma 74119
(918) 592-3001
(918) 794-7149 (*facsimile*)
*Attorney for Plaintiff Isabella Sneed*