IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) ISABELLA SNEED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-31-R |
| | ) | |
| (1) INDEPENDENT SCHOOL DISTRICT NO. 16 OF PAYNE COUNTY, OKLAHOMA, a/k/a STILLWATER PUBLIC SCHOOL DISTRICT, a/k/a STILLWATER INDEPENDENT SCHOOL DISTRICT NUMBER 16, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S PARTIAL MOTION TO DISMISS AND BRIEF IN SUPPORT**

The Defendant, Independent School District Number 16 of Payne County, State of Oklahoma, commonly known as Stillwater Public Schools ("School District") respectfully moves to dismiss Plaintiff's state law claim for negligence for lack of subject matter jurisdiction, as the statute of limitations on that claim has expired under the Oklahoma Governmental Tort Claims Act, and Plaintiff's claim for punitive damages for failure to state a claim upon which relief may be granted. In support of its Motion to Dismiss, the School District shows the Court as follows:

**INTRODUCTION AND BACKGROUND**

Plaintiff's Complaint alleges that Alberto Morejon (Morejon), while employed as a teacher at the School District, groomed and committed criminal sexual abuse against Plaintiff. Plaintiff makes several claims against the School District arising from Morejon's

1

misconduct. Plaintiff's claims for negligence and punitive damages, however, should be dismissed.

First, Plaintiff alleges a negligence claim against the School District, arguing that the School District owed duties, including providing an appropriate and safe educational environment that is free of discrimination or harassment, and that those duties were breached. The allegations of Plaintiff's Complaint, however, plainly demonstrate that the statute of limitations on Plaintiff's negligence action has run under the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, §§ 151-172 ("the GTCA"). Plaintiff's negligence claim should be dismissed.

Second, to the extent that Plaintiff alleges a claim for punitive damages, as requested in her prayer for relief, Plaintiff fails to state a claim upon which relief may be granted. Neither federal nor state law permits the School District to be liable for punitive damages. Plaintiff's claim for punitive damages should be dismissed.

## ARGUMENT AND AUTHORITIES

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), the United States Supreme Court ruled that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), the Court explained that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." The Court made clear that this requirement can only be satisfied by pleading sufficient facts. Only "well-pleaded factual allegations" are assumed to be true. *Id.* at 679.

The Tenth Circuit has observed that this pleading requirement serves two purposes. "First, it ensures that defendants know 'the actual grounds of the claim against them,' and can therefore prepare a defense." *Bryson v. Gonzales*, 534 F.3d 1282, 1287 (10th Cir. 2008) (citation omitted). "Second, it avoid[s] ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Id.* (internal quotations and citations omitted).

## PROPOSITION I

## PLAINTIFF FAILED TO FILE A NOTICE OF TORT CLAIM WITHIN ONE YEAR OF THE ALLEGED NEGLIGENCE

Traditionally, the common law doctrine of sovereign immunity operated as a complete bar to tort claims brought against the State and its political subdivisions. Through the GTCA, Oklahoma has adopted the common law doctrine of sovereign immunity to provide a blanket of protection from suit and then partially waived such immunity in a very limited fashion, thereby providing a very specific manner in which the State or a political subdivision, including a school district, would consent to suit. *Cruse v. Bd. of County Comm'rs of Atoka County,* 910 P.2d 998, 1001 (Okla. 1995). The GTCA, thus, operates as a limited window of opportunity for plaintiffs to bring tort claims against the State and its political subdivisions but "only to the extent and in the manner provided" in the GTCA. OKLA. STAT. tit. 51, § 152.1. If the GTCA is not complied with, the blanket protection of sovereign immunity remains in place, and a plaintiff has no recourse.

The Oklahoma Supreme Court has noted the method by which a party may maintain an action against the State or a political subdivision "is narrowly structured by the

procedure prerequisites in §§ 156 and 157" of the GTCA. *Cruse*, 910 P.2d at 1002 (footnote omitted). Section 156 of the GTCA requires that a written notice of tort claim be presented to the clerk of the governing body of the political subdivision within one year after the date of the loss. OKLA. STAT. tit. 51, § 156(B), (D). Section 157(B) of the GTCA then provides that "[n]o action for any cause arising under this act…shall be maintained <u>unless</u> valid notice has been given…" (emphasis added). If a claim is not presented within one year, it "shall be <u>forever barred</u>." *Id.* at § 156(B) (emphasis added). Filing a tort claim is the very first step in compliance with the GTCA, and it is an absolute requirement under the law. *Id.*

In explaining the notice requirement under the GTCA, the Oklahoma Supreme Court has stated:

> We determined in *Cruse v. Atoka County Board of Commissioners* [910 P.2d 998 (Okla. 1995)] that the Legislature consented to judicial enforcement of tort claims in the manner narrowly structured by the procedural requirements of §§ 156 and 157. *Cruse* determined that: 1) compliance with the written notice of claim and denial of claim provisions in §§ 156 and 157 are prerequisites to the state's consent to be sued and to the exercise of judicial power to remedy the alleged tortious wrong by the government….

*Shanbour v. Hollingsworth*, 918 P.2d 73, 75 (Okla. 1996).

Compliance with "[t]he notice…provision[] found in § 157 [is] essential to the establishment of a right to a cause of action under the Act." *Lasiter v. City of Moore*, 802 P.2d 1292, 1293 (Okla. Civ. App. 1990). "If there is a failure of compliance, then a political subdivision is exempt from liability pursuant to the Doctrine of Sovereign Immunity, 51 O.S. Supp. 1987 § 152.1, and an action would fail to state a claim upon which relief can be granted." *Id.*

In the instant case, Plaintiff alleges that, during the 2018-2019 school year, Alberto Morejon continued inappropriate communications with her and that "Morejon's inappropriate behavior with Plaintiff and other female students was noted by school employees and was complained of to school administration." Doc. No. 1 at ¶ 17; *see also* Doc. No. 1 at ¶¶ 26-30 ("Despite being on notice of Morejon's unlawful and harmful conduct, the Stillwater Public School District continued to employ Morejon and entrust students in his care."). Plaintiff's negligence claim alleges that the School District owed duties to Plaintiff to provide an appropriate and safe educational environment, and those duties were breached. *Id.* at ¶¶ 66-69. If any duty was breached by the School District, it was when it allegedly became aware of Morejon's conduct and failed to do anything, which Plaintiff alleges occurred during the 2018-2019 school year. Plaintiff's Tort Claim Notice, however, was not filed until April 16, 2021, well over a year after the alleged breach. *Id.* at ¶ 7. As a consequence, the Court lacks subject matter jurisdiction over the Plaintiff's negligence claim against the School District, and Plaintiff has failed to state a claim upon which relief may be granted. Pursuant to OKLA. STAT. tit. 51, § 156(B), Plaintiff is "forever barred" from bringing her negligence claim against the School District, and it should be dismissed with prejudice.

## PROPOSITION II

## PLAINTIFF IS NOT ENTITLED TO RECOVER PUNITIVE DAMAGES AGAINST THE SCHOOL DISTRICT

Plaintiff's prayer for relieve alleges she is entitled to recover punitive damages from the School District. Doc No. 1 at ¶ 37 and p. 10. She is not. Neither federal nor state law permit the recovery of punitive damages against a public school district.

Punitive damages are not recoverable against a school district under Title IX. In *Najera v. Indep. Sch. Dist. No. I-54 of Lincoln Cnty.*, 60 F. Supp. 3d 1202 (W.D. Okla. 2014), this Court observed that the U.S. Supreme Court interprets Title IX consistently with Tile VI of the Civil Rights Act of 1964. *Id.* at 1208 (citing *Barnes v. Gorman*, 536 U.S. 181, 185 (2002)). It explained that the U.S. Supreme Court stated in *Barnes* that "'the traditional presumption in favor of *any appropriate relief* for violation of a federal right applies to suits under Title IX,' [but] because 'appropriate relief' under Title VI does not include punitive damages, . . . punitive damages are not available under Title IX." *Id.* at 1208 (emphasis in original); *see also Mercer v. Duke Univ.*, 401 F.3d 199, 202 (4th Cir. 2005) (holding that U.S. Supreme Court's decision in *Barnes* compelled the court to vacate plaintiff's punitive damages award under Title IX).

Similarly, the School District cannot be liable for punitive damages under § 1983. In *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), the U.S. Supreme Court held that "a municipality is immune from punitive damages under 42 U.S.C. [Section] 1983." *Id.* at 271; *see also Dill v. City of Edmond*, 155 F.3d 1193, 1210 (10th Cir. 1998) (stating that "municipalities are not liable for punitive damages under [Section] 1983").

Likewise, punitive damages are not available under Oklahoma law. The GTCA expressly provides that punitive damages may not be recovered against a political subdivision such as the School District: "No award for damages in an action or any claim against the state or political subdivision shall include punitive or exemplary damages." OKLA. STAT. tit. 51, § 154(C); *see also Najera*, 60 F. Supp. 3d at 1208 (citing Section 154(C) and holding that "Oklahoma law bars punitive damages against municipal defendants"). Plaintiff's request for punitive damages fails to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, the School District respectfully requests the Court grant its Motion to Dismiss Plaintiff's negligence claim and request for punitive damages.

Respectfully submitted,

**ROSENSTEIN, FIST & RINGOLD**

**By:** */s/John E. Priddy*
**John E. Priddy, OBA No. 13604**
**Alison A. Verret, OBA No. 20741**
**525 South Main, Suite 700**
**Tulsa, OK 74103**
**Telephone: (918) 585-9211**
**Facsimile: (918) 583-5617**
**johnp@rfrlaw.com**
**averret@rfrlaw.com**

**Attorneys for the School District**

## CERTIFICATE OF SERVICE

☒ I hereby certify that on February 2, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

    Pansy Moore-Shrier
    Moore-Shrier Law Firm
    624 South Boston Avenue, Suite 1070
    Tulsa, Oklahoma 74119
    pansy@mstulsalaw.com

    *Attorney for the Plaintiff*

☐ I hereby certify that on _____, I filed the attached document with the Clerk of the Court and served the attached document by _____
on the following, who are not registered participants of the ECF System:

                                                       *s/ John E. Priddy*
**JOHN E. PRIDDY**