**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) ISABELLA SNEED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-31-R |
| | ) |
| (1) INDEPENDENT SCHOOL DISTRICT NO. 16 OF PAYNE COUNTY, OKLAHOMA, a/k/a STILLWATER PUBLIC SCHOOL DISTRICT, a/k/a STILLWATER INDEPENDENT SCHOOL DISTRICT NUMBER 16, | ) ) ) ) ) ) ) |
| | ) |
| Defendant. | ) |

**ANSWER**

The Defendant, Independent School District No. 16 of Payne County, Oklahoma commonly known as Stillwater Public Schools (the "School District"), respectfully submits its answer to the Complaint[1] ("Complaint") filed by the Plaintiff, Isabella Sneed ("Plaintiff"). The School District answers as follows:

1. The School District denies each and every allegation contained in Plaintiff's Complaint except those allegations specifically admitted.

---

[1] The School District filed a motion to dismiss [Dkt. No. 5] as to Plaintiff's Negligence claim and will not answer the Negligence claim at this time.

## PARTIES, JURISDICTION AND VENUE

2. In response to paragraph 1 of the Complaint, the School District admits the Plaintiff was a student attending Stillwater Public Schools until the Fall of 2021. The School District denies the remaining allegations of paragraph 1.

3. In response to paragraph 2 of the Complaint, the School District admits Independent School District No. 16 of Payne County, Oklahoma, commonly known as Stillwater Public Schools is defined as a political subdivision pursuant to Oklahoma law. The School District further admits it is located in Payne County, Oklahoma. The School District provides public education services to its students. The School District admits it receives federal financial assistance and is therefore subject to the provisions of Title IX of the 1972 Educational Amendments (20 U.S.C. § 1681 *et al.*). However, the School District denies any liability to Plaintiff as a result of these facts.

4. In response to paragraph 3 of Plaintiff's Complaint, the School District denies the allegations of paragraph 3.

5. In response to paragraph 4 of Plaintiff's Complaint, the School District denies it had actual knowledge of any alleged misconduct of Alberto Morejon ("Morejon") as alleged in the Complaint. The School District further denies it was deliberately indifferent as alleged in the Complaint.

6. In response to paragraphs 5 and 6 of Plaintiff's Complaint, the School District admits Payne County is located within the federal judicial district served by the United States District Court for the Western District of Oklahoma and venue is proper with this Court. The School District further admits the Court has original jurisdiction over

claims alleging violation of 42 U.S.C. § 1983 and Title IX (20 U.S.C. § § 1681-1688), and the Court has discretion to exercise supplemental jurisdiction over any alleged state law claims. However, the School District denies any liability to Plaintiff as a result of these facts.

7. In response to paragraphs 7 and 8 of Plaintiff's Complaint, the School District denies the allegations and legal conclusions of paragraphs 7 and 8. The School District had addressed these issues in it's Motion to Dismiss [Dkt. No. 5].

## FACTS COMMON TO ALL CAUSES OF ACTION

8. In response to paragraphs 9 and 10 of Plaintiff's Complaint, the School District admits the factual allegations of paragraphs 9 and 10.

9. In response to paragraph 11 of Plaintiff's Complaint, the School District denies the allegations of paragraph 11.

10. In response to paragraphs 12, 13, 14 and 15 of Plaintiff's Complaint, the School District is without sufficient knowledge of information to form a belief as to the allegations of paragraphs 12, 13, 14 and 15 and, therefore, denies the allegations.

11. In response to paragraph 16 of Plaintiff's Complaint, the School District admits Plaintiff was a student attending Stillwater Junior High School during the 2018-2019 school year.

12. In response to paragraph 17 of Plaintiff's Complaint, the School District denies the allegation of paragraph 17.

13. In response to paragraph 18 of Plaintiff's Complaint, the School District is without sufficient knowledge of information to form a belief as to the allegations of

paragraph 18 and, therefore, denies the allegations.

14. In response to paragraphs 19, 20, 21, 22 and 23 of Plaintiff's Complaint, the School District is without sufficient knowledge of information to form a belief as to the allegations of paragraph 19, 20, 21, 22 and 23 and, therefore, denies the allegations.

15. In response to paragraph 24 of Plaintiff's Complaint, the School District admits Morejon entered a guilty plea to the charges filed in CF-2020-152. However, the School District denies any liability to Plaintiff as a result of this fact. The School District denies the remaining allegations of paragraph 24.

16. In response to paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35 of Plaintiff's Complaint, the School District denies the factual allegations and legal conclusions of paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, 34 and 35.

17. In response to paragraph 36 of Plaintiff's Complaint, to the extent Plaintiff is alleging the School District is not entitled to sovereign immunity paragraph 36 is denied.

18. In response to paragraph 37 of Plaintiff's Complaint, the School District denies Plaintiff is entitled to any relief as alleged in paragraph 37. The School District further denies punitive damages are recoverable against a political subdivision.

## CLAIM FOR RELIEF UNDER TITLE IX

19. In response to paragraph 38 of Plaintiff's Complaint, the School District realleges and reincorporates all of its previous answers as if fully set forth herein.

20. In response to paragraph 39 of Plaintiff's Complaint, the School District admits it is a recipient of federal funds. However, the School District denies any liability to Plaintiff as a result of this fact.

21. In response to paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52 and 53 of Plaintiff's Complaint, the School District denies the factual allegations and legal conclusions contained in paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52 and 53.

22. In response to paragraph 54 of Plaintiff's Complaint, the School District denies it caused any of Plaintiff's alleged damages.

23. In response to paragraph 55 of Plaintiff's Complaint, the School District realleges and reincorporates all of its previous answers as if fully set forth herein.

24. In response to paragraphs 56, 57, 58, 59, 60, 61, 62, 63 and 64 of Plaintiff's Complaint, the School District denies the factual allegations and legal conclusions contained in paragraphs 56, 57, 58, 59, 60, 61, 62, 63 and 64.

25. In response to paragraph 65 of Plaintiff's Complaint, the School District denies it caused any of Plaintiff's alleged damages.

26. In response to paragraphs 66, 67, 68 and 69 of Plaintiff's Complaint, these paragraphs are subject to a Motion to Dismiss [Dkt. 5] and are denied.

27. In response to Plaintiff's prayer for Relief the School District denies Plaintiff is entitled to any damages or relief as alleged in the Prayer for Relief.

## AFFIRMATIVE DEFENSES

Pleading further and alternatively by way of affirmative defenses, the School District alleges:

28. Plaintiff's Complaint fails to state a claim upon which relief can be granted including but not limited to Title IX, 42 U.S.C. § 1983 and negligence.

29. Plaintiff has failed to state a claim upon which relief can be granted for any constitutional violations or federally protected rights.

30. The School District asserts that Plaintiff has failed to establish she has suffered a recognized deprivation.

31. Plaintiff has failed to establish that a School District established custom, policy or practice was the moving force behind any alleged deprivation.

32. Plaintiff has failed to establish that any School District employee was deliberately indifferent toward her rights or that the School District was on actual notice of her complaints.

33. Plaintiff has failed to establish that any conduct by the School District rises to a level sufficient to "shock the conscience."

34. The actions of the School District were reasonable and appropriate in light of the information and circumstances available.

35. The School District cannot be held liable under 42 U.S.C. § 1983 for actions that are negligent.

36. The School District cannot be held liable under 42 U.S.C. § 1983 on the theory of respondeat superior.

37. Plaintiff cannot establish that any alleged custom, policy or practice was the result of a decision by the School District's final policymaker, its Board of Education.

38. The School District has not breached any duty owed to Plaintiff.

39. Plaintiff is prohibited from seeking an award of punitive damages.

40. Plaintiff cannot establish that any alleged failure to supervise or train by the School District caused the alleged constitutional injury to Plaintiff.

41. The School District cannot be held liable under Title IX for any alleged sexual harassment involving the Plaintiff that was not sufficiently severe or pervasive to amount to a deprivation of educational benefits.

42. The School District did not act in conscious disregard of Plaintiff's rights.

43. The School District did not have actual notice of any sexual harassment complaint to institute corrective measures to end the alleged discrimination.

44. The School District did not retaliate against the Plaintiff.

45. The School District's acts or omissions were not the proximate cause of Plaintiff's injuries, if any.

46. The School District is immune from liability to Plaintiff for any actions or injuries caused by persons other than employees of the School District acting within the scope of their employment. OKLA. STAT. tit. 51, § 153.

47. The School District is immune from any action based on acts or omissions performed in conformance with current recognized standards. OKLA. STAT. tit. 51, § 155(29).

48. The School District is immune from any action based on the performance of or the failure to exercise or perform any act or service which is in the discretion of the School District or its employees. OKLA. STAT. tit. 51, § 155(5).

49. The injuries alleged in Plaintiff's Complaint, if any, were the result of an intervening or superseding cause and were unforeseeable.

7

50. The School District acted appropriately at all relevant times and in conformance with all applicable laws regarding the allegations raised by the Plaintiff.

51. The damages that may be awarded against the School District for any violation of state tort law are capped by Oklahoma's Governmental Tort Claims Act at $125,000.

52. To the extent Plaintiff has failed to mitigate her alleged damages the School District is not liable.

53. Plaintiff has failed to establish that a school official, having the authority to address unlawful discrimination and the power to take corrective measures, had actual notice or knowledge of the harm for which Plaintiff seeks damages and failed to take adequate action to end it.

54. Pursuant to Oklahoma Law, liability of the School District "shall be several from that of any other person or entity" and the School District "shall only be liable for that percentage of total damages as corresponds to its percentage of total negligence."

55. School District is exempt from liability for adoption or the enforcement of or failure to adopt or enforce a policy.

56. The School District reserves the right to supplement or amend its list of affirmative defenses at any time in the future.

57. THE SCHOOL DISTRICT DEMANDS TRIAL BY JURY.

**WHEREFORE** having fully answered and defended against the Complaint filed by Plaintiff, School District demands that judgment be entered in its favor and that it be granted all of the relief to which it is entitled.

Respectfully submitted,

**ROSENSTEIN, FIST & RINGOLD**

**By:** *s/John E. Priddy*
   **John E. Priddy, OBA No. 13604**
   **Alison A. Verret, OBA No. 20741**
   **525 South Main, Suite 700**
   **Tulsa, OK  74103**
   **Telephone:  (918) 585-9211**
   **Facsimile:    (918) 583-5617**
   **johnp@rfrlaw.com**
   **averret@rfrlaw.com**

**Attorneys for the School District**

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on February 1st, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

    Pansy Moore-Shrier
    Moore-Shrier Law Firm
    624 South Boston Avenue, Suite 1070
    Tulsa, Oklahoma  74119
    pansy@mstulsalaw.com

*Attorney for the Plaintiff*

☐ I hereby certify that on _____, I filed the attached document with the Clerk of the Court and served the attached document by _____
on the following, who are not registered participants of the ECF System:

                                  *s/ John E. Priddy*
                                  **JOHN E. PRIDDY**