# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Isabela Sneed, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-00031-R |
| | ) |
| Independent School District No. 16 of Payne County, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S "PARTIAL MOTION TO DISMISS"

COMES NOW, the Plaintiff Isabela Sneed, and respectfully submits her Response to Defendant's Partial Motion to Dismiss (Dkt. #5), as follows:

1. Plaintiff filed her Complaint in this matter on January 10, 2022. *See* Dkt. #1. As alleged in the Complaint, Plaintiff was repeatedly sexually abused and harassed, while she was a student at Stillwater Junior High School, by her history teacher, Alberto Morejon ("Morejon"). *Id.*

2. As alleged in the Complaint, this sexual abuse and harassment began in approximately January of 2018 and continued through May 19, 2020. *See, e.g.,* Dkt. #1 at ¶¶ 10-24.

3. Plaintiff further alleges that even after Morejon was arrested in connection with his sexual abuse of her, Defendant Independent School District Number 16 of Payne County ("Defendant" or "School District") "engaged in a pattern of retaliation against Plaintiff, including decreasing her participation in school activities, reducing her grades, threatening to report her criminally, spreading lies and misinformation about Plaintiff, and failing to stop known harassment of Plaintiff by Defendant's agents and students." Dkt. #1 at ¶ 25.

4. Plaintiff additionally asserts that "[d]uring the relevant time period and prior to

1

police involvement, Defendant was aware of Morejon's inappropriate behavior and relationships with young female students, including Plaintiff, but did not act to stop the conduct and protect the young female students, including Plaintiff" and that "[d]espite being on notice of Morejon's unlawful and harmful conduct, [Defendant] continued to allow Morejon to have private, one-on-one meetings and communications with young female students, including Plaintiff, while on and inside Stillwater Public School District property." Dkt. #1 at ¶¶ 26-28.

5. In sum, Plaintiff alleges that "Defendant had knowledge of Morejon's actions with regard to Plaintiff, but deliberately did not stop those actions." Dkt. #1 at ¶ 30.

6. Pertinent to the Motion to Dismiss, Plaintiff also asserts that she reached the age of majority in August 2021. Dkt. #1 at ¶ 7.

7. Based on these, and other, factual allegations, Plaintiff has brought three claims of relief against Defendant: (A) for violation of Title IX, 20 U.S.C. 1681 *et seq.*; (B) for violation for her constitutional right to equal protection, pursuant to 42 U.S.C. § 1983; and (C) for common law negligence pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA"). *See* Dkt. #1 at ¶¶ 38-69.

8. Notably, Defendant filed a partial Answer to Plaintiff's Complaint on February 1, 2022. *See* Dkt. #6. As part of that pleading, Defendant answered Plaintiff's Title IX and Equal Protection (§ 1983) claims. *Id.* Thus, *Plaintiff's federal claims are **not** subject to dismissal.*

9. On the same day the partial Answer was filed, Defendant also filed the subject Partial Motion to Dismiss. *See* Dkt. #5. Defendant specifically seeks dismissal of: (A) Plaintiff's common law negligence claim on statute of limitations grounds; and (B) Plaintiff's request for punitive damages. *Id.*

10. Taking the second issue first, Plaintiff concedes that punitive damages are not available against Defendant, as a matter of law.

11. However, as to the first issue, Defendant is not entitled to dismissal of Plaintiff's negligence claim brought under the GTCA. The negligence claim is not barred by the applicable statute of limitations.

12. Plaintiff acknowledges that the statute of limitations applicable under the GTCA differs from the limitations period applicable to her federal claims.

13. In particular, while "'[t]he Tenth Circuit has not specifically addressed what statute of limitations applies to a Title IX claim.' *Nunley v. Pioneer Pleasant Vale Sch. Dist. No. 56,* 190 F.Supp.2d 1263, 1264 (W.D.Okla. 2002)[,] courts have applied state statute of limitations for personal injury actions to Title IX claims." *Thompson v. Independent School Dist. No. I-1 of Stephens County, Okla.,* 2013 WL 1915058, *5 (W.D.Okla., May 8, 2013).

14. Oklahoma's general tolling statute provides that "[i]f a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one (1) year after such disability shall be removed…." 12 Okla. Stat. § 96.

15. This Court has held and reasoned that "[t]he general Oklahoma tolling statute for persons under disability … is applicable" in a Title IX action where, as here, the plaintiff was a minor when the cause of action accrued. *Nunley,* 190 F. Supp. 2d at 1265.

16. Still, the Oklahoma Supreme Court has refused to the apply the general tolling statute to claims brought pursuant to the GTCA. *See Johns By & Through Johns v. Wynnewood Sch. Bd. of Educ.,* 1982 OK 101, 656 P.2d 248, 248–50.

17. This does not, however, end the inquiry.

18. In seeking dismissal of the negligence claim, Defendant argues as follows:

> If any duty was breached by the School District, it was when it allegedly became aware of Morejon's conduct and failed to do anything, which Plaintiff alleges occurred during the 2018-2019 school year. Plaintiff's Tort Claim Notice,

3

> however, was not filed until April 16, 2021, well over a year after the alleged breach. … As a consequence, the Court lacks subject matter jurisdiction over the Plaintiff's negligence claim against the School District, and Plaintiff has failed to state a claim upon which relief may be granted. Pursuant to OKLA. STAT. tit. 51, 156(B), Plaintiff is "forever barred" from bringing her negligence claim against the School District, and it should be dismissed with prejudice.

Dkt. #5 at 5.

19. This argument fails to take into account the nature of Plaintiff's negligence claim or the continuing nature of the underlying tortious conduct. As part of her negligence claim, Plaintiff avers that Defendant "owed duties to Plaintiff, including but not limited to provide an appropriate and safe educational environment that is free of discrimination of harassment, and to provide Plaintiff with educational benefits and opportunities." Dkt. #1 at ¶ 67. And as noted above, Plaintiff further alleges that this negligence manifested in sexual abuse at the hands of Morejon, which continued until May 19, 2020. *Id.* at 10-24.

20. As alleged, on or about May 15, 2020, police observed messages from Morejon to Plaintiff containing images of exposed male genitalia and "imprint" images, i.e. an erect penis concealed by tight fitting clothing. *See* Dkt. #1 at ¶ 21. "Police observed that Morejon sent Plaintiff numerous images of an exposed penis over the past two (2) years." *Id.*

21. Also on May 15, 2020, "Stillwater Police observed that Morejon had requested Plaintiff send to him unclothed images of herself via the telephone [and] that Morejon had told Plaintiff they could meet at a residence accessible to him where they would not be found." Dkt. #1 at ¶ 22.

22. Lastly, on May 19, 2020, it is alleged that "Morejon told Plaintiff it would be fun if she were to perform a specific sexual act on him" and "Morejon gave instructions on how to perform oral sex." Dkt. #1 at ¶ 22.

23. Thus, Plaintiff has alleged continuing, and specific tortious conduct that occurred

4

well within one year of her presentation of notice under the GTCA. And this sexual misconduct was a proximate cause of Defendant's continuing and negligent failure to "provide an appropriate and safe educational environment that is free of discrimination of harassment…." Dkt. #1 at ¶ 67.

24. Therefore, at a minimum, these aspects of Plaintiff's negligence claims, which occurred in the year prior to submission of the notice, survive the Partial Motion to Dismiss.

25. More broadly, because Plaintiff's negligence claim is based on the same factual predicate as her Title IX claim, and a continuing violation, it follows that the limitations period runs from the ***last act*** composing the claim. *See Lewis v. Chicago,* 560 U.S. 205, 214 (2010). Consequently, because the GTCA notice was served on Defendant within a year of the "last act", Plaintiff's negligence claim should not be temporally limited in any respect.

Respectfully submitted,

/s/Robert M. Blakemore
Daniel E. Smolen, OBA #19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
SMOLEN & ROYTMAN
701South Cincinnati Ave.
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669

-and-

Pansy Moore-Shrier, OBA No. 20289
624 South Boston Avenue, Suite 1070
Tulsa, Oklahoma 74119
(918) 592-3001
(918) 794-7149 (facsimile)

***Attorneys for Plaintiff***

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 22nd day of February 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

                 /s/Robert M. Blakemore