**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ISABELLA SNEED, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CIV-22-31-R |
| | ) |
| INDEPENDENT SCHOOL DISTRICT | ) |
| NUMBER 16 OF PAYNE COUNTY, | ) |
| OKLAHOMA, a/k/a STILLWATER | ) |
| PUBLIC SCHOOL DISTRICT, a/k/a | ) |
| STILLWATER INDEPENDENT SCHOOL | ) |
| DISTRICT NUMBER 16, | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

Before the Court is Defendant Independent School District Number 16 of Payne County's ("School District" or "District") Partial Motion to Dismiss and Brief in Support. Doc. No. 5. Plaintiff Isabella Sneed has filed her Response, in which she concedes that she is not entitled to punitive damages under Oklahoma or federal law. Doc. No. 9 at 2. Consequently, the only matter left for the Court to address is Defendant's contention that the one-year statute of limitations found in the Oklahoma Governmental Tort Claims Act ("OGTCA") bars Plaintiff's state law negligence claim. *See* Okla. Stat. tit. 51 § 156(b). Defendant has filed its Reply [Doc. No. 10], and the matter is ripe for decision. For the reasons set forth below, the Court **GRANTS** Defendant's Partial Motion to Dismiss.

The instant litigation stems from Alberto Morejon's sexual exploitation of Ms. Sneed as a minor when she was enrolled in Stillwater Junior High School—a school within the District. From 2018 to 2020, Mr. Morejon worked for the School District as a history

teacher. Doc. No. 1, ¶ 10. Plaintiff was a student in his class, and Mr. Morejon abused his position to groom Ms. Sneed for sexual exploitation inside and outside school hours. *Id*. ¶¶ 11–23. The grooming consisted of demonstrations of public affection, private lunches, touching, explicit messages, requesting and sending sexual images, and explaining and requesting sexual acts. *Id*. The police arrested Mr. Morejon and he pled guilty to Soliciting Sexual Contact with a Minor in violation of Okla. Stat. tit. 21 § 1040.13a. *See State of Okla. v. Morejon*, CF-2020-152 (D. Payne Cty. 2020).[1] Plaintiff alleges the District knew of Mr. Morejon's criminal behavior throughout the 2018-2019 school year and failed to protect her. *Id*. ¶¶ 17, 27–34. Ms. Sneed further alleges that the School District retaliated against her and allowed its agents and students to harass her after police arrested Morejon for sexual solicitation of a minor in May 2020. *Id*. Plaintiff filed notice of her claims against Defendant pursuant to the OGTCA in April 2021 and filed suit after the School District failed to respond within 90 days. *Id*. ¶ 7.

Defendant cites the standard for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Nevertheless, the motion is correctly brought as a motion pursuant to Rule 12(b)(1) and Rule 12(b)(6).

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the

---

[1] Judicial notice of state court proceedings can be taken without converting the Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1), (6) into a motion for summary judgment under Fed. R. Civ. P. 56. *See St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[I]t has been held that federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."). Accordingly, the Court takes judicial notice of Alberto Morejon's guilty plea in state court for Soliciting Sexual Contact with a Minor in violation of Okla. Stat. tit. 21 § 1040.13a. *See State of Okla. v. Morejon*, CF-2020-152 (D. Payne Cty. 2020) https://www.oscn.net/dockets/GetCaseInformation.aspx?db=payne&number=CF-2020-152&cmid=383482 (last accessed March 4, 2022).

> complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.

*Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations and original paragraph structure omitted). Here, Defendant does not dispute that Plaintiff has a cause of action, but rather it argues that she has filed her action outside the OGTCA's statute of limitations. The School District accordingly contends that the Court lacks jurisdiction over her state law claim. Consequently, Defendant's primary argument falls into the first form of a 12(b)(1) motion.

To the extent Defendant additionally brings a Rule 12(b)(6) motion, the Court must determine whether a plaintiff has stated a claim upon which relief may be granted. The Court grants the motion when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" [*id*. at 570], and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555 (citations omitted). The Court must accept all the well-pleaded allegations of the complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Id*.; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, the Court does not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cty. Bd. of Cty. Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without

supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendant's motion centers on the one-year statute of limitations in the OGTCA. The District argues that Plaintiff's cause of action accrued when Defendant allegedly became aware of Mr. Morejon's conduct and failed to act. Doc. No. 5 at 5. The District contends that this allegedly took place sometime in the 2018-2019 school year. *Id*. Accordingly, Ms. Sneed's one-year statute of limitations to file her notice of complaint with Defendant expired sometime in 2020. *Id*. Because Plaintiff did not file her notice until April 2021, the School District concludes that her state law negligence complaint is untimely pursuant to the OGTCA, and that the Court should dismiss this claim due to a lack of jurisdiction. *Id*.

Plaintiff counters that the District conducted a continuing tort against her, the last acts of which took place in May 2020 when police arrested Mr. Morejon. Doc. No. 9 at 4. Ms. Sneed reasons that because Defendant's torts did not cease until May 2020, the notice she filed in April 2021 was timely. *Id*. at 4–5. Therefore, she believes the Court should deny Defendant's motion.

The OGTCA is the exclusive remedy for an injured plaintiff to recover against an Oklahoma governmental entity in tort. *Tuffy's, Inc. v. City of Okla. City*, 212 P.3d 1158, 1163 (Okla. 2009). A claim under the OGTCA must be presented to the state or appropriate political subdivision for relief within one year of the injury. Okla. Stat. tit. 51, § 156(B). A suit may not be brought under the OGTCA unless this notice provision is met. *Id*. Section 156(B) states:

> Except as provided in subsection H of this section, and not withstanding any other provision of law, claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs.

The window the OGTCA offers for a suit is "narrowly structured." *Cruse v. Bd. Of Cty. Comm'rs of Atoka Cty.*, 910 P.2d 998, 1002 (Okla. 1995). It does not recognize any exception for minors [*Johns v. Wynnewood Sch. Bd. of Educ.*, 656 P.2d 248 (Okla. 1982)], nor has it recognized the continuing tort doctrine. *Hawk Wing v. Lorton*, 261 P.3d 1122, 1128 n.1 (Okla. 2011). Therefore, the questions the Court must answer here are: when did Ms. Sneed's negligence cause of action against the District accrue and was it within the one-year statute of limitations pursuant to the OGTCA?

Plaintiff's negligence cause of action can effectively be split into two separate claims. The first is that the District negligently supervised and retained Mr. Morejon when it failed to act after allegedly discovering his predatory activities before his arrest. *See* Doc. No. 1 ¶ 26. The second cause of action is the failure of the District to protect Ms. Sneed from the harassment its agents and other students allegedly inflicted on her after police arrested Mr. Morejon.

According to the Oklahoma Supreme Court,

> "The statute of limitations begins to run when the cause of action accrues. A cause of action accrues when a litigant could first maintain an action to successful conclusion." *Ranier v. Stuart and Freida, P.C.*, 1994 OK CIV APP 155, ¶ 5, P.2d 339, 340-341 (Okla. Civ. App. 1994) (citations omitted). "This will occur as soon as each element of the claim has been satisfied." Okla. Uniform Jury Instructions (Civil) No. 1.20 cmt. In other words, the cause of action accrues when a [defendant's] acts or omissions . . . caused injury to the plaintiff." *Grayson v. State ex rel. Children's Hosp.*, 838 P.2d 546, 549-550 (Okla. Civ. App. 1992), ¶ 12, 838 P.2d 546, 549-550.

*Lorton*, 261 P.3d at 1125.

Under her first theory, Plaintiff could have maintained a cause of action against the Defendant from the moment the District became aware of Mr. Morejon's abusive conduct and did nothing. *Id*. According to Ms. Sneed's complaint, that moment occurred sometime in the 2018-2019 school year. Doc. No. 1 ¶ 17. Providing Plaintiff with the most generous reading of this allegation, that would mean Defendant was aware of Mr. Morejon's crimes at latest in May 2019. Thus, Ms. Sneed, pursuant to § 156(B), had to send her claim to the School District no later than May 2020 to be timely. However, Plaintiff sent her complaint to Defendant nearly a year after this date in April 2021. Consequently, the Court does not have jurisdiction to adjudicate the negligent supervision and retention claim.

As to the Plaintiff's second theory, Ms. Sneed pleads a negligence claim related to her harassment by the School District's agents and students following Mr. Morejon's arrest in May 2020. S*ee* Doc. No. 1 ¶¶ 25, 67. Unlike the first theory, Plaintiff potentially notified Defendant of this claim in a timely manner. However, Ms. Sneed has not pleaded the necessary facts to maintain this claim. Plaintiff has not provided detail as to what events took place, who allegedly acted negligently, or how that negligence harmed her. Consequently, Plaintiff has not provided the Court with the "supporting factual averments [that] are []sufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1109–10. Thus, the Court dismisses Ms. Sneed's second state law negligence theory for failure to state a claim.

Consequently, the Court **DISMISSES** Plaintiff's state law negligence cause of action for the reasons set out above and **GRANTS** Defendant's Partial Motion to Dismiss. Doc. No. 5.

**IT IS SO ORDERED** this 29th day of March 2022.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE