

PLAINTIFF'S EXHIBIT 9

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ISABELA SNEED,<br><br>Plaintiff,<br><br>vs.<br><br>(1) INDEPENDENT SCHOOL DISTRICT NO. 16 OF PAYNE COUNTY, OKLAHOMA, a/k/a STILLWATER PUBLIC SCHOOL DISTRICT, a/k/a STILLWATER INDEPENDENT SCHOOL DISTRICT NUMBER 16,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-22-31-R<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF ROBERT M. BLAKEMORE

I, Robert M. Blakemore, declare under penalty of perjury under the laws of the United States, that the below statements and opinions are true and correct, to the best of my knowledge and belief.

1. I have personal knowledge of the factual matters stated herein. I am one of the attorneys representing the Plaintiff in this above-captioned case.

2. The discovery cutoff in this case is August 1, 2023.

3. After filing its Motion for Summary Judgment, the School District produced to Plaintiff -- on July 10, 2023 -- a Memo written by Crystal Szymanski, the then-newly appointed Junior High School Principal.

4. The Szymanski Memo, dated April 29, 2021, contains certain findings about Alberto Morejon. For instance, Szymanski reported that she had gathered information that led her to believe that it was "somewhat common knowledge by much of the staff at" the

Junior High that: (A) "Morejon generally had lots of students in his room during his lunch break" and that these students were "generally female or members of the baseball team"; (B) "[s]tudents often requested to take Mr. Morejon chocolate milk during his lunch and also other lunch periods (interrupting his 4th hour class)"; (C) "[s]tudents would tell supervisory staff that Mr. Morejon loved chocolate milk and that they needed to take him some"; (D) "[s]taff believed some of Mr. Morejon's student interactions were odd…"; and (E) "some staff members did attempt to tell Mr. Morejon that his interactions were odd and could be misinterpreted."

5.  The Szymanski Memo, which is attached to Plaintiff's Response to the School District's Motion for Summary Judgment, is highly relevant to the claims in this case.

6.  Plaintiff wishes to depose Ms. Szymanski regarding the Memo. However, Plaintiff and Defendant were unable to schedule that deposition before the close of discovery.

7.  Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

8.  In the event the Court determines that Plaintiff has presented insufficient evidence of disputed material facts as part of her Response to the School District's Motion for Summary Judgment, Plaintiff asks that the Court deny the Motion for Summary Judgment, pursuant to Rule 56(d). Plaintiff would specifically ask to first be given the opportunity to depose Ms. Szymanski concerning her Memo.

9. For example, counsel for Plaintiff would ask Ms. Szymanski why the Memo was created, who she talked to in creating the Memo and what specifically is meant by the words "odd" and "misinterpreted" as used in the Memo.

Declarant saith further naught.

Signed under penalty of perjury under the laws of the United States:

*/s/ Robert M. Blakemore*
Robert M. Blakemore
Date: August 1, 2023